GAUDIN, Judge.
This is an appeal from a June 14, 1988 judgment of the 24th Judicial District Court which maintained an exception of prematurity filed by two registered nurses in a medical malpractice case.
The plaintiffs, surviving wife and children of Melvin R. Guidry, argue that the nurses are not eligible to have negligence claims against them submitted first to a medical review panel before the suit in district court can commence. Finding the trial judge correct, we affirm.
Guidry died several hours subsequent to being treated at and discharged from East Jefferson General Hospital. Suit was filed against the hospital, several doctors and the two emergency room nurses, Carol Grannan and Cathy Buhler. The only issue now on appeal is whether the nurses are qualified health care providers under LSA-R.S. 40:1299 et seq.
The statute[1] describes a “health care provider” as a person, partnership, corporation, facility or institution licensed by the state to provide health care or professional services as a physician, hospital, registered or licensed practical nurse, officer, employee or agent acting within the scope, of its, his or her employment.
Any court action against a health care provider[2] cannot proceed until claimant presents his case to a medical review panel established pursuant to the statute.
All of the evidence in the instant case indicates that the exception of prematurity was well-founded. East Jefferson General Hospital was enrolled as a qualified health care provider with the Commissioner of Insurance and it is undisputed that the two nurses were hospital employees.
The certificate enrolling employees of the hospital lists Grannan and Buhler and further states that they are covered by a self-insurance program. It is this extra wordage that gives rise to appellants’ argument that the nurses are not entitled to the benefits of the subject statute. Even if Grannan and Buhler had other insurance, they would still be qualified for statutory protection as clearly they meet all requirements.
In appellants’ brief, it is stated that the certificate of receipt issued by the insurance commissioner “... specifically states that Carol Grannan, R.N. and Cathy Buh-ler, R.N. were not listed as qualified health care providers.” This is a misstatement of fact; no such document is in evidence.
Appellants cite and rely on several cases, particularly Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), which mainly held that members of the LSU Board of Supervisors are not cloaked with R.S. 40:1299 et seq. protection. Board members and emergency room nurses, obviously, are not equal with regard to providing real and meaningful health care services. Nurses provide such services, board members do not.
Appellants are to pay costs of this appeal.
AFFIRMED.

. LSA-R.S. 40:1299.41 A(1).

. LSA-R.S. 40:1299.47 B(1)(a)(i).